## UNITED STATES v. SCHUEMANN.
### Crim. A. No. 94–52.

United States District Court,
D. Nebraska, Omaha Division.

March 23, 1954.

Dean W. Wallace, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Spielhagen, Victoria & Sloma (H. F. Spielhagen and John S. Sloma), Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

Defendant, George Stanley Schuemann, was indicted by a Federal Grand Jury in this district for violation of the Universal Military Training and Service Act, § 12, 50 U.S.C.A.Appendix,

§ 462. The defendant entered a plea of not guilty and waived his right to trial by jury in the manner prescribed in Fed. Rules Crim.Proc. Rule 23(a), 18 U.S.C.A. Upon careful consideration of the admissible evidence produced at defendant's trial, the court makes the general finding that the defendant is guilty as charged.

In the absence of a request, special findings of fact are not required. Fed.Rules Crim.Proc. rule 23(c), 18 U.S.C.A., and the general finding is sufficient to dispose of this case. However, in order that the defendant may be advised of the rational basis for the court's finding, the court, without limiting in any respect the general finding already made, calls attention to certain salient features of this case.

The defendant was classified 1–A pursuant to the Selective Service System and ordered to be inducted into the Armed Forces of the United States. That he refused to be inducted is undisputed. However, he claims that his classification in 1–A was invalid.

Originally, the defendant claimed classification in either 1–0, as a conscientious objector, or IV–D as a minister. The local board refused both claims to exemption and classified defendant 1–A. The defendant appealed this classification to the state appeal board and while the appeal was pending, he consciously, intentionally, knowingly and voluntarily withdrew his claim for classification as a conscientious objector (1–0). Having voluntarily abandoned his claim as conscientious objector, he waived any rights, substantive or procedural, he might have had if he had properly pressed the claim. See Neal v. United States, 5 Cir., 1953, 203 F.2d 111.

He asserted his claim as a minister but the appeal board found that he was not entitled to classification as such. In his questionnaire defendant stated that he worked 40 hours a week as an upholsterer. In view of this full time secular work load the board had a reasonable basis for refusing to classify defendant as a person "who as his regular and customary vocation" preaches the principles, and administers the ordinances of his religion. The term "regular or duly ordained minister of religion" does not include a person who only irregularly or incidentally preaches, teaches and administers his religion. 32 C.F.R. (1949 Ed.) 1622.19. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, does not dictate a contrary result.

The court has carefully examined the selectee's file, keeping in mind the instructive guidance of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567; Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59, and Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152. The file exhibits a basis in fact for the classification and the defendant was not denied either constitutional or legislative due process in the procedure followed to classify him.

The court reiterates its general finding that the defendant is guilty as charged in the indictment.

The Clerk is ordered to transmit forthwith copies of this general finding to counsel in the case.