## UNITED STATES · v. KOCH.
### Crim. No. 88-52.

United States District Court, D. Nebraska, Omaha Division.

March 23, 1954.

Dean W. Wallace, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Sheldon J. Harris, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

Defendant, Alan Alfred Koch, was indicted by a Federal Grand Jury in this district for violation of the Universal Military Training and Service Act, § 12, 50 U.S.C.A.Appendix, § 462. The defendant entered a plea of not guilty and waived his right to trial by jury in the manner prescribed in Rule 23(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. Upon careful consideration of the admissible evidence produced at the defendant's trial, the court makes the general finding that the defendant is guilty.

Since neither party requested special findings, the general finding should suffice to dispose of the case.

Rule 23(c), Federal Rules of Criminal Procedure. However, without limiting the general finding hereinbefore set out, the court feels constrained to advise the defendant of the rationalization of this decision.

The material facts are not disputed. The defendant registered pursuant to the Selective Service System and Classification Questionnaire SSS No. 100, in which he indicated that he was opposed to war in any form and requested that he be sent the special form for conscientious objectors (SSS No. 150). On August 21, 1951, the defendant was notified that he had been classified 1–A. He promptly wrote the local board requesting that his classification be changed from 1–A to either IV–D (minister) or IV–E (conscientious objector). On September 25, 1951, he was notified that he had been reclassified IV–E.

Sometime after this the identification numbers and letters for conscientious objectors were changed by regulation and on November 20, 1951, defendant was notified that his classification had been changed to 1–0, the new designation for conscientious objectors opposed to both combatant and non-combatant military service. On November 27, 1951, the defendant appealed this classification and sought classification as a minister in IV–D. The local board refused to change his classification and by a letter, dated December 7, 1951, he requested the local board to transmit his file to the state appeal board. This was done. On December 26, 1951, the state appeal board returned the file to the local board with this comment:

"It is noted that the registrant is classified into 1–0, however, there is no Form 150 in the registrant's file. As the registrant is a conscientious objector, it is recommended that an executed Form 150 be obtained from him."

The defendant was thereafter notified that his case was set for hearing by the local board on January 8, 1952. At this hearing the defendant was asked to execute Form 150 but refused. The following statement appears in the hearing report of the local board:

"He (defendant) refused to execute SSS Form 150 because of the addition to (B) of Series 1, indicating registrant would be required to perform 24 consecutive months civilian work contributing to the maintenance of the national health, safety, etc., as prescribed by the president.

"When he refused to execute Form 150, he was asked to strike his name on page 7, series XIV, but he refused to do this.

"Recommendation by the Board: Registrant be put in 1–A and processed for induction, unless he choses to execute Form 150."

In connection with the defendant's claim for exemption as a minister, there was evidence before the board that the defendant worked from 30 to 40 hours a week, and sometimes more, for the National Insulation Company doing work of a secular nature.

The defendant's file was returned to the state appeal board on January 9, 1952, and the appeal board classified the defendant 1–A on January 18, 1952. Since no members of the appeal board dissented, the defendant was not entitled to appeal to the President and no appeal was taken by the State Director of Selective Service.

The defendant was ordered to, but refused to, be inducted into the Armed Forces of the United States.

■ There is no merit to the defendant's contention that he was improperly classified. Both the local board and the appeal board were legally justified in refusing to classify the defendant as a conscientious objector. Section 1621.11 of the Code of Federal Regulations (1949 Ed.), Title 32, provides:

"A registrant who claims to be a conscientious objector shall offer information in substantiation of his claim on a Special Form for Conscientious Objector (SSS Form No. 150) which, when filed, shall become

a part of this Classification Questionnaire (SSS Form No. 100). The local board, upon request, shall furnish to any person claiming to be a conscientious objector, a copy of such Special Form for Conscientious Objector (SSS Form No. 150)."

And Section 1626.23 of this same title provides:

"The appeal board will carefully check each file to determine whether all steps required by the regulations have been taken, whether the record is complete, and whether the information in the file is sufficient to enable it to determine the registrant's classification. If any steps have been omitted by the local board, if the record is incomplete, or if the information is not sufficient to enable the appeal board to determine the classification of the registrant, the appeal board shall return the file to the local board with a request for additional information or action * * *."

The defendant, having refused, to comply with these regulations relating to claims by conscientious objectors, cannot now complain because his claim for exemption as a conscientious objector was denied. Cf. United States ex rel. Tomback v. Bullock, D.C.N.D.Ill., 1953, 110 F.Supp. 698.

As to his claim as a minister, the evidence that he worked 30 to 40 hours a week in secular work, is a reasonable basis in fact within the meaning of the Estep[1], Cox[2], and Dickinson[3], cases, for the denial of his claim as a minister. See 32 C.F.R. (1949 Ed.) 1622.19.

For the reasons stated, the court reiterates its general finding that the defendant is guilty as charged in the indictment.

The Clerk is ordered to transmit forthwith copies of this general finding to counsel in the case.

1. Estep v. U. S., 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

2. Cox v. U. S., 332 U. S., 442, 68 S.Ct. 115, 92 L.Ed. 59.

3. Dickinson v. U. S., 346 U.S. 389, 74 S. Ct. 152.