**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ross Cabell HILL, Defendant-**
**Appellant.**

**No. 11334.**

United States Court of Appeals,
Seventh Circuit.

April 7, 1955.

Writ of Certiorari Denied June 6, 1955.
See 75 S.Ct. 897.

438

Dorothy Hill, Indianapolis, Ind., for appellant.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., Stephen Leonard, Asst. U. S. Atty., Anderson, Ind., Edgar D. Whitcomb, Asst. U. S. Atty., North Vernon, Ind., Robert J. Wilson, Asst. U. S. Atty., Don A. Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The defendant was tried and convicted of willfully violating the Universal Military Training and Service Act, 50 U.S.C. A.Appendix, §§ 451–473, by refusing to be inducted into the armed forces; he was sentenced to three years imprisonment.

In this appeal, as in his trial, the defendant is seriously hampered by his refusal to be represented by legal counsel. He pleaded his own case at the trial, and on appeal his mother addressed the court briefly in his behalf. In consideration of the defendant's lack of legal representation we have not limited ourselves to the insubstantial points he raised on appeal but have searched the record for prejudicial errors.

The defendant is twenty-five years old. In 1950 he registered with Indiana Local Board No. 50, pursuant to 50 U.S. C.A.Appendix, § 453. He claimed exemption as both an ordained minister and a conscientious objector. On December 21, 1950, after filling out the proper questionnaires, he was classified IV–D (minister). On April 11, 1952, his draft board, by letter, requested more information about defendant's work as a minister. It received no answer, and on May 4 defendant was reclassified I–A. This classification was objected to by the defendant as soon as it was received.

Because of his objection, defendant was interviewed by his local draft board on September 24, 1952. At that time he was working forty hours a week as an elevator operator and preaching irregularly at several different churches. Although he still claimed exemption both as a minister (IV–D) and as a conscientious objector (I–O), his I–A classification was continued. The defendant thereupon appealed his classification, and the appeal board changed defendant's classification to I–A–O (subject to noncombatant military duty).

On January 28, 1954, the defendant was ordered to report for his physical examination. Shortly thereafter he wrote his draft board stating that he had discontinued his secular employment and was devoting all of his time to ministerial activities. The board immediately requested the name of the church with which defendant was associated and other details about his position as assistant pastor. When this information was not forthcoming the defendant was asked to meet with the board members in person to help them establish his proper classification. A memorandum of the conversation at this meeting is in the record before us. The defendant evaded or refused to answer most of the questions asked. He answered, "I don't know," when asked how much salary he had made as an elevator operator; how much income tax he paid; how many people were in the congregation on the preceding Sunday, whether there were fifty or whether there were a hundred. When asked how much salary he received as a minister, he answered that he was contented. The defendant not only gave the board no information in this interview which would tend to sustain his claim to being a regular minister within the meaning of the Act, but his evasiveness was such as to arouse doubts as to his sincerity and as to the validity of his claims.

The defendant's classification remained I–A–O, and on March 5, 1954, he was sent an induction notice. He reported to the induction station on the required date but refused to be inducted.

The defendant challenges the board's refusal of his claims to a IV–D or I–O classification. Title 50 U.S.C.A. Appendix, § 460(b) (3) provides that: "The decisions of such local board shall be final, except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe." The only review exercised by courts over a draft board's finding of facts is the determination of whether or not the board had jurisdiction to make the finding. Estep v. United States, 327 U.S. 114, 120–121, 66 S.Ct. 423, 90 L.Ed. 567. And as the Court

said in that case, 327 U.S. at page 122, 66 S.Ct. at page 427: "The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Accordingly, the only review the District Court could exercise over the board's finding was to determine whether or not it had a basis in fact.

The registrant has the burden in the first instance of establishing his eligibility for an exemption. United States v. Schoebel, 7 Cir., 201 F.2d 31. Only after he has made a prima facie case for the desired classification and that classification has been denied are we instructed to look for a basis in fact for the denial. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; United States v. Estep, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. The Supreme Court has recently reminded us that "* * * the registrant cannot make out a prima facie case [for a conscientious objector classification] from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form." Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396. Although objective evidence of the registrant's way of life and religious activities would add some weight to his claim, we feel that Hill made a prima facie case for a I–O classification when he filled out and filed SSS Form 100, Series 14 (questionnaire for conscientious objectors) in apparent good faith, and testified as to his convictions before the board. We also feel, however, that the appeal board had before it a basis in fact for refusing the requested I–O classification and in granting only a I–A–O classification instead. According to standard procedure, the defendant was investigated by the Department of Justice, and given a chance to be heard before a hearing officer, which then made its recommendation to the appeal board. The Department recommended that Hill be classified I–A–O.

In its letter of recommendation to the Board the Department of Justice said that Hill told one "informant" that he believed he would eventually be called for military service, and said, "if I have to go, I have to go." The letter went on to say: "When the Hearing Officer asked the registrant to state the basis of his claim for exemption from noncombatant military service, registrant said that, if he were to enter the armed forces in this capacity, it would make it impossible for him to further his ministerial activities. He conceded that persons performing noncombatant services in the armed forces, such as chaplains, members of the medical corps and ambulance drivers are performing a very valuable work because they are assisting their fellow men. * * * The Hearing Officer determined that registrant did not regard noncombatant military service as morally wrong. He believed that registrant considered such service to be a 'waste of time' because it would interfere with his duties as a Baptist minister."

"It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies." Witmer v. United States, supra. The material disclosed in this letter constitutes a factual basis for the appeal board's refusal to grant defendant the requested I–O classification.

As stated above, the defendant also claimed exemption as an ordained minister. The record is clear that until February 1954 the defendant worked full time (forty hours per week) as an elevator operator in a department store. Title 50 U.S.C.A.Appendix, § 466(g) (3) specifies:

"The term 'regular or duly ordained minister of religion' does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, religious sect, or oganization and does not include any person who may have been duly ordain-

ed a minister in accordance with the ceremonial, rite, or discipline of a church, religious sect or organization, but who does not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect, or organization."

■■ Part time secular employment does not furnish a basis in fact for ignoring a prima facie showing of right to be classified IV–D as an ordained minister. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132. But we feel that the defendant's full time secular employment and the fact, as found by the hearing officer, that defendant engaged in ministerial activities only intermittently and at various churches, furnished sufficient basis in fact for the appeal board's denial of the requested IV–D classification. In a case decided since Dickinson, it was held that a forty hour per week job as an upholsterer furnished a basis in fact for denying the registrant a IV–D classification. United States v. Schuemann, D. C., 119 F.Supp. 640. See also United States v. Kinney, D.C., 125 F.Supp. 322.

■ After receiving notice to report for a physical examination, defendant advised the board that he had discontinued his secular employment and was devoting all his time to ministerial duties. A letter from the department store showed that the defendant was no longer working there:

"He resigned to report for military service but said that if he could obtain employment as a full time pastor he might be exempt from the draft.

"February 10th he said he had received an appointment as a minister to an Indianapolis church and would later be available for part time work * * *."

The letter proved that the registrant was no longer engaged in full time secular employment, but he had also to show that his church activities had so increas-

ed that he was then a minister "regularly, as a vocation," in order to make a prima facie case for a IV–D classification under 50 U.S.C.A.Appendix, § 466 (g) (3). The defendant was called before the local board for inquiry into his claimed change of status. The board did not believe his claim of increased ministerial activity and decided that he had not made a prima facie case for reclassification. The memorandum of this hearing, showing defendant's evasiveness and actual refusal to answer questions, plus the fact that the claim was made immediately after defendant was ordered to report for an induction physical, amply justify the board's decision.

Defendant objects to certain instructions without specifying his objections. We have reviewed the trial court's instructions to the jury and find no prejudicial error therein.

The judgment of the District Court is Affirmed.