**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Elwood Lowell DIERCKS, Defend-**
**ant-Appellant.**

**No. 11345.**

United States Court of Appeals
Seventh Circuit.

June 10, 1955.

Rehearing Denied July 18, 1955.

Victor F. Schmidt, Columbus, Ohio, Hayden C. Covington, Brooklyn, N. Y., for appellant.

C. M. Raemer, U. S. Atty., E. St. Louis, Ill., John Morton Jones, Asst. U. S. Atty., Danville, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Defendant was convicted of a violation of the Universal Military and Training Act, 50 U.S.C.A.Appendix, § 451 et seq., by reason of his refusal to perform certain assigned civilian work. On this appeal defendant claims 1) he was denied due process of law on considera-

tion of his request for re-opening because he did not have the independent judgment of the members of the local board in passing on his request, and because of certain advice given by the State Director upon inquiry being made by the local board; and 2) he was denied procedural due process because the local board refused to reopen his classification and re-classify him.

On October 12, 1948, defendant filed his classification questionnaire in which he made claim and represented as follows: that he was a minister of religion; he was a regularly ordained minister of Jehovah Witnesses; he was working forty hours per week as a farm laborer for which he was paid $35 per week, and has been engaged continuously in farm work since 1945; the total value of products sold from the farm during the last crop year was $10,000.00; that his main occupation is the ministry. At the request of defendant, the board furnished him a special form for conscientious objector which defendant later executed and returned to the board.

On December 29, 1948, defendant was classified I–A. Defendant wrote a letter requesting a personal appearance before the board. This request was granted. On April 26, 1949, the board classified defendant as a conscientious objector and he was given a IV–E classification. On December 18, 1950, the local board changed his classification to I–A–O. Defendant then wrote a letter requesting another personal appearance before the board, and he was granted this privilege. He made an appearance before the board on January 11, 1951, at which time he stated he was an ordained minister. On January 11, 1951 the board classified defendant in IV–E. On December 18, 1951, due to a change in statute and regulations, the local board changed his classification to I–O. Under this classification defendant was liable to perform civilian work as a conscientious objector. On December 26, 1951, defendant requested another personal appearance before the board, and on January 24, 1952 he made a personal appearance. At that time he stated that he had been engaged in the insurance business with his father; that he had to keep his car going and himself presentable, and that was the reason for his secular work. The board told him that the ministry was his avocation and his secular work was his vocation. On January 24, 1952, the local board again classified defendant as a conscientious objector and placed him in Class I–O.

Diercks appealed his classification. On February 5, 1952 he filed with the local board a certificate of ordination signed by an official of the Watchtower Bible and Tract Society, Inc. Dierck's file was forwarded to the Appeal Board on February 8, 1952. On September 11, 1952 the Appeal Board classified Diercks as a conscientious objector. On October 7, 1952, defendant requested the local board to reopen his case, claiming that on October 1, 1952 he was appointed a full-time minister. He filed his certificate of appointment as a Pioneer with the board, and told them that he was required to preach a minimum of one hundred hours per month.

On October 14, 1952, Diercks filed the Special Report for Class I–O Registrants. He certified that the only type of civilian work he would do would be in the service of Watchtower Bible and Tract Society. On October 22, 1952 the local board wrote a letter to the State Director asking if it was mandatory for the board to give Diercks a minister's classification on the basis of his claimed appointment as a Pioneer. State Director replied, "It is not mandatory to classify this subject IV–D based on the information provided, unless, in the opinion of the local board the registrant is qualified." The letter also pointed out that a Pioneer of Jehovah Witnesses is required to preach one hundred hours a month, and that registrant sells insurance as a means of livelihood. After receipt of the letter from the State Director, the local board met and decided not to reopen the classification of I–O because, in the opinion of the board,

registrant did not qualify for the classification IV–D.

Diercks had a meeting with the board and a representative of the State Director. On March 23, 1953, the local board ordered Diercks to report for civilian work at the Manteno State Hospital in Illinois. Diercks reported and was found acceptable for civilian work, but he refused to perform any such work.

We have related only the parts of Diercks' record before the local board and the Appeal Board which seem essential to an understanding of his contentions in this Court. We have here a case where a registrant, who was classified as a conscientious objector, continued to press for a ministerial exemption, and after four personal appearances before the board and two appeals, claims that he was denied due process of law.

 Defendant's first point, that he was deprived of due process on consideration of his request for reopening, is based largely on the letter written by the State Director to the local board in response to an inquiry directed to him by the board. In fact, defendant says the inquiry itself was illegal because, defendant argues, the Director's reply deprived him of the independent judgment of the local board.

Defendant's request to reopen his classification was received by the local board after he had been found acceptable for service and during the month of final processing. Defendant's request showed that he had been appointed a "Pioneer" minister on October 1, 1952, and that he was "* * * required to serve in the field on the basis of a quota of 100 hours a month * * *." He made no showing that he was, in fact, putting in 100 hours per month, although from the beginning he claimed to be a minister in spite of putting in 40 hours a week as a farmer and later, while putting in a full work-week in the insurance business.

Confronted with this situation the local board did not act arbitrarily or beyond its power in writing the letter of October 22, 1952 hereinbefore mentioned. The important part of the Director's reply is that he told the board that a minister's classification was not necessary "* * * unless, in the opinion of the local board the registrant is qualified." The letter read in its entirety clearly shows that the opinion of the local board was to be the controlling factor. The important question before the board was not whether registrant had received an appointment as a "Pioneer" minister, but whether, in fact, he was a full-time minister.

We do not think the local board acted in an arbitrary or hostile manner. Diercks was given four formal hearings and he had other contacts with the board such as by means of telephone calls. The board gave his request earnest and fair consideration. Diercks' file, from beginning to end, shows a consistent record of secular work. At no time did Diercks show any reduction in secular work as was the case of the registrant in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132. The board believed Diercks was a conscientious objector and so qualified him, but they were rightly suspicious of his claim for ministerial exemption which had been urged by him from the very beginning, and during a period when his counsel now admits, he was not entitled to a ministerial classification.

We think defendant was not denied due process of law on the consideration of his request for reopening. We hold the State Director's letter did not deprive registrant of the independent judgment of the board in passing upon his request.

 The second point urged by registrant is that he was denied procedural due process of law when the local board refused to reopen his classification and re-classify him when requested to do so after his file had been returned from the Appeal Board, and that he was thereby deprived of rights guaranteed by §§ 1625.1, 1625.2 and 1625.4 of the Regulations.

Under this point the claim is again made that the inquiry of the State Director was illegal, and constituted an abdication of the duties of the local board. He claims he was denied a full and fair hearing, and that the board was misled by the statement of the State Director that under the information supplied about Diercks 100 hours per month did not constitute a full-time vocation.

Undoubtedly, the sentence in the State Director's letter which defendant seized upon as the basis for his claims in this Court was too broadly stated, but as we have heretofore pointed out, the same letter unmistakably announced that the judgment of the local board was the controlling factor.

Congress has determined as a matter of national policy, that the findings and classification made by the Selective Service Board and the Appeal Board are final. 50 U.S.C.A.Appendix, § 460(b) (3). We think it is still the law of the land that the Courts do not sit as courts of review, and that it is not within our province to substitute our judgment of the facts for that of the board. We think it is still the law and in accord with the intent of Congress that we do not sit to correct the board's errors of law unless they are so arbitrary and capricious as to destroy the jurisdiction of the board.

We recognize that at times language of or actions by the Supreme Court, in certain cases, seem difficult to reconcile with the principles just stated. However, the decision in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, has not yet been repudiated. The Court there stated the rule to be, 327 U.S. at pages 122–123, 66 S.Ct. at page 427: "The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

In no part of the proceedings in registrant's attempt to reopen the classification did defendant show a decrease in his secular activities. Although registrant had been appointed a "Pioneer" minister there was no proof before the board, as a part of the proceedings to reopen the classification, that registrant was carrying out the duties or putting in the hours required by such appointment. The board, undoubtedly, had in mind registrant's statement that in order to keep his automobile running and himself presentable, he was putting in a full workweek selling insurance. We are in no position to say that the judgment of the board was not an allowable judgment of reasonable men. We think the board did not lose its jurisdiction or act beyond it.

Judgment affirmed.