**UNITED STATES of America**

v.

**George Thornton CHEEKS.**

**Crim. No. 24018.**

United States District Court
D. Maryland,
Criminal Division.

Feb. 20, 1958.

Leon H. A. Pierson, U. S. Atty., and William J. Evans, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Francis X. Gallagher, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant is charged with violating the Uniform Military Training and

Service Act, 50 U.S.C.A.Appendix, § 462, in that he failed to obey an order of the local board to appear before it on January 30, 1957, for assignment to civilian work appropriate to his classification as a conscientious objector. After plea of not guilty and waiver of jury trial, he contends that he was denied due process at a hearing before the local board on December 14, 1956.

The evidence shows that after numerous hearings and appeals, the Maryland Appeal Board ruled on July 22, 1956, that defendant did not qualify for the IV–D ministerial classification which he was seeking, but was entitled to the I–O classification as a conscientious objector. Defendant's Selective Service file was returned to the local board, which met with defendant on December 14, 1956, to discuss with him the places and types of work he might select for his alternative service, since he had theretofore refused to select any work not connected with the Watchtower Bible and Tract Society.

At that hearing defendant submitted a certificate, dated October 26, 1956, showing his appointment by that Society as a Pioneer Minister, requiring 100 hours per month of service in the field, and renewed his request for a ministerial classification under sec. 456(g). The local board waived the requirement of 32 C.F.R. 1625 that such request be in writing, and reconsidered the question of defendant's classification. When they found that he was continuing his 40 hour a week secular employment, they refused to permit him to read from his books, as he had done before, and denied him a ministerial classification.

■■ Congress has determined as a matter of national policy, that the decisions of local boards and appeal boards shall be final. 50 U.S.C.A.Appendix, § 460(b) (3). That means that courts are not to weigh the evidence to determine whether a classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. Courts do not sit to correct the board's

errors of law unless they are so arbitrary and capricious as to destroy the jurisdiction of the board. Estep v. U. S., 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567; United States v. Diercks, 7 Cir., 223 F.2d 12, 15.

■ The board was not required to believe defendant's statements with respect to his ministerial activities; and was rightly suspicious of his claim for ministerial exemption which had been urged by him from the very beginning. But one of the two members of the board who participated in the decision testified that he did not think "the Jehovah's Witnesses is a recognized church or sect or religion", and that in his opinion "no member of Jehovah's Witnesses regardless of what he does with respect to preaching activities is entitled to an exemption as a minister". He stated that he had never asked anybody for legal advice as to whether a Jehovah's Witness could be a regular or duly ordained minister, and added: "We just came to that conclusion from the Selective Service Manual".

It is unfortunate that the board members did not seek clear legal advice on this troublesome problem. The proper authorities should see that other board members do not operate under the same misconception, for it is clear that a board member with that view of the law cannot render a decision which meets the requirements of due process.

■ "We cannot validly distinguish for draft purposes between ministers of Jehovah's Witnesses who preach from door to door and on street corners as their vocations, and ministers of more conventional faiths who preach in pulpits, teach in church schools or carry on various other religious activities for their churches." United States v. Ransom, 7 Cir., 223 F.2d 15, 18, citing Murdock v. Commonwealth of Pennsylvania, 319 U.S. 105, 63 S.Ct. 891, 87 L.Ed. 1292, and United States v. Balogh, 2 Cir., 157 F.2d 939.

This does not mean that board members must accept without question what-

ever a Jehovah's Witness may say about his ministerial activities, or his secular activities, for that matter. They have a right to be suspicious of the certificates with which such a registrant is usually armed. But they must consider with an open mind whether the registrant meets the requirements of the statute and the regulations to qualify for a ministerial exemption.

The defendant in this case must be found not guilty.