**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Henry KUSHMER, Jr.,
Defendant-Appellant.**

**No. 15209.**

United States Court of Appeals
Seventh Circuit.

July 28, 1966.

Rehearing Denied Aug. 22, 1966.

Walter Burger, Jr., Norman J. Fombelle, Decatur, Ill., for appellant.

Richard E. Eagleton, U. S. Atty., James G. Hatcher, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before DUFFY, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The defendant, Edward Henry Kushmer, Jr., was indicted under the provisions of 50 U.S.C. App. § 462 for knowingly failing to report for civilian employment in lieu of military service after having been classified I-O, conscientious objector, under the Universal Military Training and Service Act. After being tried by the court sitting without a jury, the defendant was found guilty and sentenced to three years' imprisonment. From the judgment of conviction, he appeals.

The issue presented is whether the defendant made a prima facie showing of eligibility for a ministerial exemption, a IV-D classification, to his local selective service board,[1] and if so, whether the local board's classification was arbitrary and capricious and without a basis in fact.

On December 22, 1958, the defendant filed his original classification questionnaire in which he claimed to be both a conscientious objector and a minister. At that time defendant informed the local board that he was presently in high school and had no secular employment. He submitted numerous letters from friends, neighbors, and associates proclaiming his status as a minister of Jehovah. One week later he completed a special form claiming conscientious objection to participation in both combatant and noncombatant training and service, at the same time reiterating his application for a ministerial exemption. Along with his classification questionnaire, the defendant submitted a copy of a letter from the Watchtower Bible and Tract Society appointing him a "Vacation Pioneer" for the month of June 1958. He received a

1. Local Board No. 162, Decatur, Illinois.

similar appointment for the last half of December 1958.

The defendant graduated from high school in June 1959, at which time he was immediately named a "Pioneer Minister" by the Society. This pursuit engaged him fully until the fall of 1961 when he had exhausted his funds and found it necessary to seek secular employment. He began working for his father during the fall of 1961 and was unable to maintain his status as a Pioneer Minister because he could not devote the required one hundred hours per month.

The local board took no further action with regard to the defendant until December 1961, when it mailed him a current information questionnaire. The defendant returned this questionnaire, listing his occupation as a minister. Thereafter the local board requested that the defendant secure a letter from the Society confirming his current status as a Pioneer Minister. In January 1962 the board reiterated its request. On January 23, 1962 the defendant visited the local board and stated that he did not believe the Society provided such letters, but that he would request one. He also left with the board a copy of a card used to report accomplishments of a Pioneer Minister, indicating fifty-three hours as the time spent in his ministry during the first three weeks of January 1962.

In March 1962 the local board requested that the Society verify the defendant's status as a Pioneer Minister. Shortly thereafter the defendant again called at the local board and submitted a "Certificate for Servant in Congregation" issued by the Society on February 14, 1962 which indicated that the defendant had been a "Book Study Conductor" since August 20, 1959 and a "Literature Servant" since December 4, 1959. He also informed the board that he was no longer a Pioneer Minister.

On March 20, 1962 the Society replied to the local board's inquiry, informing the board that the defendant was not currently on the Pioneer list. On March 27, 1962 the local board classified the defendant for the first time. He was classified I-O, conscientious objector.

The defendant subsequently filed a notice of appeal and requested a personal appearance. He appeared before the board in May 1962. The defendant stated that he had previously been a Pioneer Minister but was now engaged in secular employment for about thirty hours a week and was able to devote only around eighty hours a month to his ministry. He stated that he was one of eight assistant ministers and that there was no presiding minister in his congregation.[2] The defendant said that a Jehovah's Witness congregation consists of from 100 to 150 persons; that he presided over a "Service Center" of about twenty persons. He stated that he devoted the better part of Wednesday, Saturday, and Sunday mornings and Tuesday, Wednesday, and Friday evenings to his ministry. The local board affirmed its I-O classification, and a similar de novo classification was made by the appeal board on August 24, 1962.

The defendant was ordered to report for an armed forces physical examination on June 27, 1963. Subsequently, he was processed for civilian work in lieu of induction, but he informed the board that he would not perform civilian work. An order to report for civilian work at the Chicago State Hospital issued on December 19, 1963. The defendant's failure to comply with the order resulted in his indictment and conviction.

A selective service registrant has the burden of establishing his eligibility for the exemption claimed. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953); United States v. Hill, 221 F.2d 437, 440 (7th Cir.), cert. denied, 349 U.S. 964, 75 S.Ct. 897, 99 L.Ed. 1286 (1955). Under the statutory provisions granting exemptions to "regular * * * ministers of religion" the defendant was required to

2. Later the defendant requested that this statement be deleted as a misquotation, because there was a presiding minister in his congregation.

show that the ministry was his "customary vocation." 50 U.S.C. App. §§ 456 (g), 466(g). He was required to demonstrate that he was not merely a person who "incidentally preaches and teaches" the religious principles of a church or sect, but that he is "recognized by such church, sect, or organization as a regular minister." We are of the opinion that the defendant failed to carry his burden, and that therefore it is not necessary to consider whether there is any basis in fact for the classification of the local board. He failed to show that the ministry was his "customary vocation" or that the Watchtower Bible and Tract Society recognized him as a "regular minister."

The defendant's sincere religious convictions are undoubted. He has in the past devoted considerable time and effort to the work of his church. But the defendant's activities on behalf of the Jehovah's Witnesses, once measured at over 200 hours per month, have been reduced to the point where his own church has withdrawn its earlier recognition of him as a Pioneer Minister. The financial hardship which may have precipitated the defendant's diminished service is unfortunate, but it does not negate the fact that the ministry is not his customary vocation. The facts do not establish his eligibility for the exemption claimed.

With deference to the decisions of the Fifth Circuit cited by the defendant, we note that the interpretation of the ministerial exemption provision by this court has not been as relaxed, and, we think, is more in accord with the expressed congressional policy. Compare Wiggins v. United States, 261 F.2d 113 (5th Cir. 1958), cert. denied, 359 U.S. 942, 79 S. Ct. 723, 3 L.Ed.2d 676 (1959), with United States v. Ransom, 223 F.2d 15 (7th Cir. 1955), United States v. Diercks, 223 F.2d 12 (7th Cir.), cert. denied, 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750 (1955), and United States v. Hill, 221 F.2d 437 (7th Cir.), cert. denied, 349 U.S. 964 75 S.Ct. 897 (1955).

The judgment of conviction is affirmed.