**UNITED STATES of America**

v.

**John Nelson HOGANS, Defendant.**

**No. 65–CR–255.**

United States District Court
E. D. New York.

April 4, 1966.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for United States of America; Thomas J. Lilly, Asst. U. S. Atty., of counsel.

Lynn, Spitz & Condon, New York City, for defendant; Conrad J. Lynn, New York City, of counsel.

BARTELS, District Judge.

As a result of having failed to report for civilian work in lieu of military service, the defendant John Nelson Hogans, a Jehovah Witness, was indicted for violation of 50 U.S.C.A. (App.) §§ 456(j)

and 462(a). On February 6, 1962 the defendant was classified I–A by his Local Board No. 62 of the Selective Service System (hereinafter "Local Board"). On January 2, 1964 he was ordered to report for a physical examination and was certified on January 17, 1964 as fully acceptable for induction into the Armed Services. On January 28, 1964 he requested that his classification be changed from I–A to IV–D, stating that he was "one of Jehovah's Witnesses" and had been "a full time minister since December 1963". In his SSS Form No. 54 submitted to the Local Board on February 7, 1964 in support of his claim, the defendant stated, *inter alia*, that he had been a "Pioneer" since December 1, 1963, a "Book Study Conductor" since November 1963, and a "Publisher" since December 1961. Although requested to do so, he apparently did not submit to the Local Board certification of any of these appointments at this time. The defendant also asserted in the SSS Form No. 54 that his "goal" was to "preach and teach the principles of religion * * * at least 100 hours per month"; that he had reported to the Watchtower Bible and Tract Society that he had spent 98 hours a month for the past three months in Pioneer Ministerial Duties, and that he had devoted approximately 60 hours during the past month to distributing literature. At the same time, the defendant reported that he was working 37 hours per week at night doing manual labor and earning a salary of $3700 a year.

After receiving all this information the Local Board on February 18, 1964 classified the defendant as I–O (conscientious objector) and on February 19, 1964 mailed him a notice to this effect. Although this notice (SSS Form No. 110) informed the defendant of his right to appeal the

I–O classification, he did not choose to do so. In response to a request from the Local Board, the defendant on April 4, 1964 submitted a copy of his original appointment as a Pioneer but failed to produce proof of his current status as such. On June 18, 1964 the defendant notified the Local Board that he was no longer a Pioneer and thereupon the Local Board on July 7, 1964 voted 5–0 not to re-open his classification. At the same time it informed him that he was now "subject to being processed for civilian work in lieu of military service". At a meeting with the Local Board on November 17, 1964, the defendant stated that he would not perform such work since to do so would compromise his beliefs. On January 5, 1965 the defendant was ordered to report to his Local Board on January 18, 1965, where he would receive instructions to proceed to his assigned place of employment, the Kings Park State Hospital, Kings Park, New York. The defendant reported to the Local Board on January 18, 1965 as directed but refused to proceed to Kings Park. This indictment for violation of 50 U.S.C.A. (App.) §§ 456(j) and 462(a) followed on April 29, 1965.

Before submitting to the jury the question of whether the defendant willfully and knowingly failed to perform this duty, the Court is faced with the question of whether the defendant's failure to appeal his I–O (conscientious objector) classification precludes him from now asserting to this Court as a defense to this prosecution that there was "no basis in fact" for the Local Board's refusal to grant him a IV–D ministerial exemption.[1]

■ The record reveals that the defendant made no attempt to appeal his I–O classification within the 10-day

---

**1.** As to the respective functions of the Court and jury in this type of case, see Cox v. United States, 1947, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59; Elder v. United States, 9 Cir. 1953, 202 F.2d 465, cert. denied, 345 U.S. 999, 73 S.Ct. 1143, 97 L.Ed. 1405; United States v. Rumsa, 7 Cir. 1954, 212 F.2d 927, cert. denied, 348 U.S. 838, 75 S.Ct. 36, 99 L.Ed. 661;

Tamblyn v. United States, 5 Cir. 1954, 216 F.2d 345, cert. denied, 348 U.S. 950, 75 S.Ct. 437, 99 L.Ed. 742; United States v. Willard, N.D.Ohio 1962, 211 F.Supp. 643, aff'd, 6 Cir. 1963, 312 F.2d 605, cert. denied, 372 U.S. 960, 83 S.Ct. 1014, 10 L.Ed.2d 13; United States v. Norris, 7 Cir. 1965, 341 F.2d 527.

period specified in the notice mailed to him on February 19, 1964. Furthermore, he never requested that an appeal be granted after the expiration of the 10-day period even though upon a proper showing he might have been afforded one pursuant to 32 C.F.R. § 1626.2(d) at any time prior to receipt of the Order to Report for Civilian Work.[2] Since the defendant did not exhaust his administrative remedies, "his failure to so do, absent exceptional and unusual circumstances, precludes him from raising the correctness of his classification as a defense in his criminal prosecution".[3] There are no unusual circumstances in this case warranting a relaxation of this rule.[4]

▮ In passing, it is proper to add that in the Court's opinion the defendant failed to sustain before the Local Board the burden of proving that he was entitled to the ministerial exemption.[5] He rested his case solely on his own statements and made no attempt to submit independent corroborating evidence as to his ministerial status and activities.

Furthermore, there are inconsistencies and ambiguities in his own statements contained in the SSS Form No. 54, which were never clarified. Moreover, by the defendant's own statements, he spends at least as much time or perhaps more time working at another vocation, indicating that his ministry was more of an "avocation" than a "vocation". As stated in Dickinson v. United States, supra, "[p]reaching and teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, are insufficient to bring a registrant under § 6(g)" (346 U.S. p. 395, 74 S.Ct. p. 157).[6] In the sensitive area of Selective Service cases, it is clear that "[t]he Courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of local boards when made in conformity with the regulations of these local boards are final. This is true even though the classification is erroneous as long as there is some basis in fact to substantiate the classification given".[7] Under the circumstances, it appears from the record that the defendant never pre-

2. This section states that "at any time prior to the date the local board mails to the registrant an Order to Report for Induction (SSS Form No. 252), the local board may permit any person described in paragraph (c) of this section [which includes the registrant] to appeal even though the period for taking an appeal has elapsed, if it is satisfied that the failure of such person to appeal within such period was due to a lack of understanding of the right to appeal or to some cause beyond the control of such person * * *." Although the defendant in this case received an Order to Report for Civilian Work (SSS Form No. 153) rather than an Order to Report for Induction (SSS Form No. 252), this section would still be applicable since "civilian work" is designed to be "in lieu of induction". 32 C.F.R. § 1660.20.

3. Osborn v. United States, 4 Cir. 1963, 319 F.2d 915, 916; See also, Jeffries v. United States, 10 Cir. 1948, 169 F.2d 86; Evans v. United States, 9 Cir. 1958, 252 F.2d 509; United States v. Nichols, 7 Cir. 1957, 241 F.2d 1; Badger v. United States, 9 Cir. 1963, 322 F.2d 902, cert. denied, 1964, 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610; Greiff v. United States, 9 Cir. 1965, 348 F.2d 914.

4. Cf., Glover v. United States, 8 Cir. 1961, 286 F.2d 84; Donato v. United States, 9 Cir. 1962, 302 F.2d 468, cert. denied, 1963, 374 U.S. 828, 83 S.Ct. 1868, 10 L.Ed.2d 1052.

5. See, Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132.

6. See also, United States v. Sturgis, 3 Cir. 1965, 342 F.2d 328; United States v. Koch, D.Neb.1954, 119 F.Supp. 650; United States v. Kahl, E.D.Mich.1956, 141 F.Supp. 161; United States v. Kutz, E.D.Wis.1961, 199 F.Supp. 205; cf., United States v. Stewart, D.Md.1963, 213 F.Supp. 497, aff'd, 4 Cir. 1963, 322 F.2d 592; Wiggins v. United States, 5 Cir. 1958, 261 F.2d 113, cert. denied, 1959, 359 U.S. 942, 79 S.Ct. 723, 3 L.Ed.2d 676.

7. United States v. Sturgis, supra, 342 F.2d p. 331.

sented a *prima facie* case.[8] Therefore, it seems highly unlikely that the Court would have disturbed the Local Board's classification of the defendant as a conscientious objector (I–O) and its refusal to classify him as a minister (IV–D) even if the defendant were not foreclosed from raising the issue.

The case will therefore proceed to trial for the purpose of determining whether the defendant's failure to report for civilian work as directed was willful and deliberate.

8. See, United States v. Diercka, 7 Cir. 1955, 223 F.2d 12, cert. denied, 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750; United States v. Kahl, supra; United States v. Kutz, supra; cf., United States v. Ransom, 7 Cir. 1955, 223 F.2d 15.