Kenneth Paul YEOMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9898.

United States Court of Appeals
Tenth Circuit.
Sept. 23, 1968.

Brock R. Snyder, Topeka, Kan. (James W. Porter, Topeka, Kan., with him on the brief), for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., and Lt. Colonel Roy R. Bartlett, Field Atty., Selective Service System, Milwaukee, Wis., with him on the brief), for appellee.

Before LEWIS, Circuit Judge, MILLER, Senior Circuit Judge,* and SETH, Circuit Judge.

SETH, Circuit Judge.

This appeal is from a conviction for violation of the Universal Military Training and Service Act. The appellant failed to report for civilian work assignment pursuant to an order of his local selective service board. Appellant waived a jury trial and the case was submitted to the district court. At the close of the Government's case appellant moved without success for judgment of acquittal for the reasons that he had been denied due process of law when his local draft board failed to reopen his case after he had requested a new classification, and failed to advise him of its refusal to reopen his classification. He also then asserted that the Government failed to prove that he was ordered to the civilian work in the normal sequence, thus violating appellant's rights under 32 C.F.R. § 1660.20 (b), (c) and (d).

The relevant facts are undisputed. The record shows that appellant filed his original Selective Service Classification Questionnaire with the local board in Sedgwick County, Kansas, in 1963 when he was eighteen years of age. In this questionnaire he claimed he was a conscientious objector, and stated that he had been a member of Jehovah's Witnesses and a minister since 1958 but had not been formally ordained. He further there stated that he was a full-time student of a trade school in Shreveport, Louisiana, studying auto mechanics. In November 1963, the local board sent appellant a special form for conscientious objectors which he completed and claimed exemption from both combatant and noncombatant service because of his religious training and belief. During this period he was classified as a student. After another questionnaire he was reclassified as a conscientious objector on February 18, 1965.

Appellant was ordered to report, and did report, for physical examination. He was found physically acceptable and was notified of this fact on May 25, 1965. On July 15, 1965, the local board sent appellant a letter setting forth details concerning civilian work to which he would be assigned in the absence of his voluntarily securing approved employment. He was advised by the board that in the regular sequence for induction, they had reached appellant's date of birth. Appellant thereafter wrote the local board and stated at length the biblical reasons why he could not accept such employment. The board responded by submitting to the appellant a list of three types of work as required by the selective service regulations. Appellant again stated that such employment could not be accepted because of the reasons set forth in his prior letters.

Activity on appellant's file ceased until May 31, 1966, when the local board requested that appellant appear at a meeting to be held on June 14, 1966, in Wichita, Kansas, for the purpose of determining what type of civilian employment was best suited for him. Appellant replied by letter that he could not attend because he would lose a week of work, and requested the board reclassify him as a minister. He stated that he was a minister and that he was the Assistant Literature Servant whose part was vital to the congregation's function. He also stated that he was engaged in door to door ministry, that he was giving Bible sermons, that he was calling back on interested persons,

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

that he was giving Bible discourses, and that he was devoting much time to study of Scriptures.

At the June meeting of the local board which appellant did not attend, it was decided that appellant be assigned to the University of Kansas Medical Center. No mention appears in the minutes of the meeting concerning a request for reclassification. The local board requested the director of selective service to approve the issuance of a work order, which was done.

On July 21, 1966, the local board mailed appellant an order to report for civilian work at the University of Kansas Medical Center. On July 27, 1966, appellant sent the local board a letter again stating that he could not report to Kansas Medical Center and requesting a reclassification to that of a minister. He stated further that he had not been given a chance to prove a ministerial status and that the board's disregard for his letter of June 9, 1966, was an injustice.

The appellant did not report as ordered. The board did not reply to appellant's letter requesting reclassification. The appellant's file however was forwarded to the director of selective service for review and recommendation as to whether he should be reported to the United States Attorney. He was so reported, charges were filed, and he appeals from a conviction which followed.

Appellant's first point in his appeal is that his letters of June 9, 1966, and July 27, 1966, requesting a reclassification constituted a prima facie case for reclassification and the local board did not have a basis in fact for denying his request. He supports this argument by reference to facts recited in his letter of June 9, 1966, which were that he was a minister and an Assistant Literature Servant, that he was engaged in door to door ministry and called back on interested persons, that he gave Bible discourses and sermons, and that he devoted much time to study of the Scriptures. Appellant admits that these facts do not detail the number of hours spent while conducting these activities. He does contend however that there is no absolute duty to prove his status as a minister in a request for reclassification. He points out that there is nothing in the record to show that he is otherwise employed and that there is nothing in the record to show that his status is other than that of a minister. Appellant cites Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132, for the proposition that where the record contains nothing that contradicts the alleged facts there is no basis in fact for a denial, and that the board is required to investigate further. See also United States v. Ransom, 223 F. 2d 15 (7th Cir. 1955).

At the outset it should be noted that "the question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Dickinson v. United States, 346 U.S. at 394, 74 S.Ct. at 156 (quoting from Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567). The starting point on the question of request for reclassification, however, is Selective Service Regulation, 32 C.F.R. § 1625.2 which provides in part that " * * * the Local Board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * * ."

Both appellant and appellee appear to agree that the registrant must establish a prima facie case for the claimed classification. The area of disagreement is of course whether appellant here has made such a case and whether the test for a prima facie case is met by the registrant alleging the facts he did. Appellee maintains that the local board has a basis in fact for denying appellant's request for reclassification because while the appellant has alleged

some facts he has not set forth sufficient details which if true would justify classification as a minister.

■ Appellant's contention that a prima facie case was made has some logical appeal. The issue is complicated somewhat by the fact that all Jehovah's Witnesses consider themselves to be ministers of their faith; however, Congress intended the exemption to be extended only to the leaders of the various faiths and not to members generally. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 156, 98 L.Ed. 132. The Court in the cited case states:

"Each registrant must satisfy the Act's rigid criteria for the exemption. Preaching and teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, are insufficient to bring a registrant under § 6(g). These activities must be regularly performed. They must, as the statute reads, comprise the registrant's 'vocation.' And since the ministerial exemption is a matter of legislative grace, the selective service registrant bears the burden of clearly establishing a right to the exemption."

The appellant here argues that there is nothing in the record to show that he was otherwise employed, but he admits that he did not advise the board whether he was a full-time minister or part-time minister. In short there is nothing in the letters which state or show that ministry was his vocation. He contends that the letter could mean that he really spent full time at the ministry, but the letter does not affirmatively so state. Indeed, the opposite inference could more readily be drawn because the letter also stated that he would have to forego a week's work to appear before the board. In his letters he classified himself as an Assistant Literature Servant which does not rise to the status the courts have considered to be a leader within Dickinson.

■ We must agree with the district court that registrant did not state a prima facie case, and if he does not bear that burden the local board cannot classify him as a minister. United States v. Jones, D.C., 263 F.Supp. 943, aff'd 387 F.2d 909 (5th Cir.1968). See also Bradshaw v. United States, 242 F.2d 180 (10th Cir.); Carlson v. United States, 364 F.2d 914 (10th Cir.); Salamy v. United States, 379 F.2d 838 (10th Cir.); Owens v. United States, 396 F.2d 540 (10th Cir.1968). But see Gatchell v. United States, 378 F.2d 287 (9th Cir.1967). Appellant's reliance on United States v. Ransom, 223 F.2d 15 (7th Cir.), is misplaced because in Ransom the applicant in his requests set forth details, and supported them, which made out a prima facie case, such as his appointment as a Pioneer, the hours spent a month as a minister, and others. These were supported with affidavits and other proof. The same appeared in United States v. Scott, D.C., 137 F.Supp. 449, cited by appellant.

■ The appellant next contends that the board's failure to notify the appellant that his request for reclassification had been denied was a prejudicial denial of due process. The record shows that the local board failed to write the appellant advising him that information submitted by him did not warrant the reopening of his classification. The district court found, and we think correctly, that the appellant was not prejudiced by the local board's failure to notify him. The district court found that the only recourse open to the appellant upon denial was to ask a review, but the record shows that the state director and national director both reviewed his file. In addition, the appellant knew or reasonably should have known of the board's refusal to open the case upon receiving the work order which was issued on July 21, 1966. Jones v. United States, supra.

■ In connection with this contention the appellant further argues that the Government failed to prove at the trial that the board did in fact consider the appellant's request for reclassification since the minutes made no men-

tion of it. There is however in the absence of clear evidence to the contrary a presumption in favor of regularity of official proceedings of the board. Greer v. United States, 378 F.2d 931 (5th Cir.1967). At most appellant has only shown that the board failed to place in his file a letter evidencing the fact that they refused to reopen the case, and this is not critical.

■ The last contention is that the board violated 32 C.F.R. § 1660(b), (c) and (d) by calling the defendant before his name would have been reached in the normal sequence for induction. The district court found, and we again think correctly, that the record supports the opposite conclusion in that if appellant was called out of order it was because his number had already been passed by the board. Further the record discloses that on July 15, 1965, the local board advised the appellant that his name would be reached in about thirty days because the induction schedule had reached his birthday.

Affirmed.