**John Daniel OWENS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9910.**

United States Court of Appeals
Tenth Circuit.

June 21, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 299.

Robert S. Rizley, Tulsa, Okl., for appellant.

Hubert H. Bryant, Tulsa, Okl. (Lawrence A. McSoud and Robert P. Santee, Tulsa, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

MURRAH, Chief Judge.

Appellant Owens, a Jehovah's Witness, was classified by his local draft board as I–O, a conscientious objector opposed to combatant or noncombatant service in the Armed Forces. He subsequently requested a IV–D reclassification as a minister of religion, exempting him from all training and military service whatsoever. 50 U.S.C.A. App. § 456 (g). His local Board denied his request and ordered him to report for a civilian work assignment in lieu of induction. Upon refusal, he was convicted in a nonjury trial of violating § 462 of the Military Training and Service Act, 50 U.S.C.A. App. § 462. We affirm the judgment.

The essential facts are undisputed. Owens was reared as a Jehovah's Witness. He registered with his local draft board in Miami, Oklahoma, in 1964, claiming exemption from combatant and noncombatant military service as a conscientious objector. His local Board gave him a 1–S(H) high school classification until his graduation, at which time he enrolled in college and was given a 2–S college deferment. A year later he ceased to be a full-time student, and his classification was changed to I–A, available for military service. Upon request, Owens was permitted to personally appear before his local Board in November, 1965. He again asked to be classified as a conscientious objector, but the Board refused to reopen his classification. Owens appealed, and his file was reviewed by the Appeal Board, who tentatively determined that he was not entitled to a I–O classification. His file was then forwarded to the Department of Justice for an advisory recommendation. The De-

partment of Justice advised that his conscientious objector claim should be sustained, and thereafter, in January, 1967, the Appeal Board unanimously classified him as I–O.

Owens received a "special report for class I–O registrants", asking him to submit three types of approved civilian work he would perform in lieu of induction. The special form was returned uncompleted, and was accompanied by a letter in which Owens, for the first time, requested a IV–D classification as a minister of religion. He stated in the letter that a change had occurred in his status since late 1966; that he had been appointed Bible study conductor, a position requiring weekly meetings with a portion of the congregation for Bible study; that he has been assigned to deliver one-hour sermons to the various Jehovah's Witness congregations in the Miami circuit; and that he now devoted "more than twice the hours to the ministry than * * * before."

The local Board apparently considered the request but declined to reopen the classification. Owens was notified of the Board's decision, and was advised of the three types of civilian work which were available to him. He replied that he would not perform any type of civilian work in lieu of induction. On May 4, 1967, the Board held a meeting with Owens to reach an agreement on the type of work he would perform. At the meeting, he signed a statement that he refused to do civilian work in lieu of military service. The Board found that Owens was qualified to do general hospital work, and ordered him to report to his local Board on June 26, 1967, for instructions to proceed to the University of Kansas Medical Center. When he failed to report, he was duly charged and convicted.

▇▇▇ The burden of establishing the right to a particular exemption is upon the registrant. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132. In the recent cases of Kuykendall v. United States, 10 Cir., 387

F.2d 594; Fore v. United States, 10 Cir., Feb. 1968, 395 F.2d 548, we epitomized the criteria which must be met before the registrant is entitled to the ministerial exemption, and those standards need not be reiterated here. The local Board is the first judge as to whether the criteria have been satisfied, and our scope of review of the Board's classification order is narrowly limited to determining whether there is a "basis in fact" for the classification. See Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Dickinson v. United States, supra; Bradshaw v. United States, 10 Cir., 242 F.2d 180; Kuykendall v. United States, supra; Fore v. United States, supra. In making this determination, the court may take into account the possibility that the local Board proceeded under an erroneous view of the law. See Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436; Gatchell v. United States, 9 Cir., 378 F.2d 287.

▇▇▇ Owens' initial contention is that the local Board may have proceeded under an erroneous view of the law in denying his request for a IV–D classification as a minister. He testified that at the May 4 meeting, which was held for the purpose of reaching an agreement as to the type of civilian work he would perform, he mentioned that he "would [again] like to discuss * * * my claim for minister's exemption." One of the Board members responded: "Where is your church" and "How much do you get paid?" Owens argues that these two questions indicate that the Board was proceeding under the erroneous view that in order for a registrant to qualify for a IV–D classification, he must have a church building and be paid a salary as a minister.

There is no statute or regulation requiring the local Board to make findings of fact or conclusions of law or indicate reasons for its decision. See 32 C.F.R. § 1626.27(a); Gatchell v. United States, supra. If the Board states reasons for its action, however,

and these reasons are found to be legally insufficient to support the Board's classification, the classification should be found to be without a basis in fact. This is true even if an independent search of the record discloses an adequate basis in fact to support the action of the Board, for there would be the risk that the impropriety of the stated reasons tainted the Board's decision. See Gatchell v. United States, supra. But, where, as here, the Board discloses no reasons for the challenged classification or for failing to reopen the classification, we will assume the Board relied upon whatever factual basis is reflected in the record, if any.

██ Owens contends that he supplied the Board sufficient evidence to establish a prima facie case for the ministerial exemption. If this be true, then the Board's refusal to reclassify invalidates the order to report. See Fore v. United States, supra. The submitted information showed that Owens spends approximately 160 hours per month employed as an assistant operator for Eagle-Pitcher Company; that although he is not a Pioneer Minister [1], he devotes sixty to eighty hours per month in his duties as a Jehovah's Witness; that he instructs others in the study of the Bible; that he regularly calls on persons from door to door in connection with Bible study; that he is enrolled in the theocratic ministry school; and that he makes public talks to various congregations. Although Owens apparently is an active and devout member of the Jehovah's Witnesses, we do not think the record facts establish a prima facie case for the granting of a IV–D classification. See Kuykendall v. United States, supra. The Board's refusal to reopen was not erroneous, and the I–O classification was valid.

██ It is next contended that the conviction should be reversed because the Government failed to prove that Owens would have been inducted prior to the time he was to report to the University of Kansas Medical Center. Reliance is placed upon 32 C.F.R. 1660.20, which provides that no order for civilian work shall be issued "prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O." This Section merely "refers to the date of induction of the hypothetical person, classified I–A, and proceding normally, without appeal, to induction." Fore v. United States, supra. In our case the Clerk of Owens' local Board testified that if Owens had remained in the I–A classification from the time he was registered, he would have been inducted in May, 1966, more than one year before he was ordered to report to the hospital. We think this testimony satisfies the requirement of the regulation.

██ Finally, Owens claims that his conviction should not be upheld because his selective service file did not contain the complete minutes of the November, 1965 meeting, and the trial judge, therefore, was unable "to determine whether the procedures followed by the local Board were in conformity with procedural regulations, statutes and constitutional requirements." The short answer is that the November meeting was not concerned in any way with Owens' classification as a minister of religion. Indeed, at that time he had not even mentioned that he was entitled to such an exemption. The meeting was concerned merely with a request by Owens that his I–A classification be changed to I–O, a change which was subsequently granted. We agree with the trial judge that the minutes were neither necessary nor useful.

The judgment is affirmed.

---

1. To attain the status of a Pioneer Minister, a Jehovah's Witness must devote at least 100 hours per month to preaching.