Thomas Dean KIRCHHOFF, Appellant,

v.

Major William D. McLARTY, Command-
ing Officer, Armed Forces Entrance &
Examining Station, et al., Appellees.

No. 71-1042.

United States Court of Appeals,
Tenth Circuit.

Jan. 24, 1972.

Philip F. Horning, of Bulla & Horn-
ing, Oklahoma City, Okl., for appellant.

O. B. Johnston III, Asst. U. S. Atty.
(William R. Burkett, U. S. Atty. on the
brief), for appellees.

Before SETH, HAMLEY*, and HOL-
LOWAY, Circuit Judges.

* Of the Ninth Circuit, Sitting by Designation.

SETH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma, denying a petition for a writ of habeas corpus by a member of the armed forces.

On May 14, 1970, appellant, Thomas Dean Kirchhoff, was classified I–A by his local draft board. At the time of this classification, appellant was twenty years old, married, and expecting his first child. On May 18, 1970, appellant's employer wrote a letter to the local board, in which he stated his desire to appeal the I–A classification on the grounds appellant was essential to his business. In the same letter he disclosed that appellant's induction would require him to pay some bills of appellant which he had cosigned.

On May 26, 1970, appellant's wife wrote the local board, stating that her husband's induction would "place a very bad hardship on me." In the letter she stressed that she was pregnant and unable to work, that she could not count on financial help from her family or in-laws, that she was unable to drive her car due to a nervous condition, that she would need someone to help her with the baby once it was born, and that appellant was the sole provider in the family.

On June 3, 1970, appellant received a letter from the local board stating that the board had considered his wife's letter, and that " . . . it was the determination of the local board that information presented did not warrant reopening." Appellant's file was then forwarded to the State Appeal Board.

On June 8, 1970, the local board received a letter from appellant in which he emphasized his wife's complete dependence upon him. He also included detailed information concerning his indebtedness on such items as rent, auto payments, furniture payments, medical bills, and a loan payment.

On June 24, 1970, the State Appeal Board classified appellant I–A. On July 2, 1970, appellant's attorney supplied the local board with a more detailed break-down of appellant's indebtedness. Appellant's attorney requested a reopening and reconsideration for a III–A hardship classification.

On July 9, 1970, the local board refused to reopen the case. Appellant was then ordered to report for induction on July 30th. A letter sent appellant's attorney from the local board stated: "All information in his file has been reviewed and considered by the local board and by the appeal board, and both boards determine registrant is properly classified as I–A, available for induction."

On June 27, 1970, appellant went to the Oklahoma State Director of Selective Service seeking a postponement of his induction until after the birth of his baby. He was granted this request after he signed a statement promising not to seek further delay, postponement, or deferment. Appellant later submitted to induction and brought this action.

■■■ The scope of review of the local board and appeal board classification is clearly established and need not be repeated here. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428. Thus the question of jurisdiction of the boards can only be reached by the petition of the appellant if there is no "basis in fact" for the I–A classification. We find that there was such a basis in fact for the classification of appellant.

■■■ The petitioner attacks also the refusal of the local board to reopen his classification on the basis of the hardship information he had furnished since the board had considered his original request. As indicated, the board advised him that the information did not warrant a reopening of his classification. The Court in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 367, again stated the scope of review,

and also directly considered the matter of reopening. The Court held:

"Where a registrant makes non-frivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested re-classification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file."

Did the petitioner here meet these requirements? The record shows that the additional material relative to hardship provided to the board after his classification was but a refinement or elaboration of that furnished before. We find that no new basic facts were advanced in the additional letters. Registrant's position was stated in a more appealing manner, and details as to debts theretofore referred to were provided. These matters or reasons had been presented before, and we must hold, therefore, as did the trial court, that the "allegation of facts not previously considered" requirement of Mulloy v. United States was not met. See also Pittman v. United States, 411 F.2d 635 (10th Cir.).

■ Appellant also argues that the local board made an illegal "de facto" reopening of his case, because the information contained in the various letters it received after classifying appellant I–A was all "new" information, not previously on file. Appellant reasons that the board has to "consider" this information even in reaching the conclusion that it was not strong enough to merit a reopening. Therefore, says appellant, the board in effect "reopened" his case without giving him the right to appear before the board and the right to appeal the decision reached on this "reopening." This seems to be a bootstrapping argument, since if it is decided that appellant did not present a prima facie case, as it has been, then it follows that reopening was unnecessary and the board's summary rejection of these "appeals" is justified. The letter to registrant's attorney relative to reopening was designed to provide him with information by reason of his position, and did not indicate a reopening. It was no more than an acknowledgment to him that the board had fully considered all pertinent facts.

■■ Appellant's final argument is that the board's failure to provide him with the proper questionnaire on extreme hardship, plus the extra-legal agreement he signed in the state director's office, were actions so violative of due process as to require a voiding of the induction order. It was decided in United States ex rel Rasmussen v. Commanding Officer, 430 F.2d 832 (8th Cir.), that failure to furnish a dependency questionnaire is not prejudicial to the registrant. We also find no prejudice here. The facts were well presented. As to the agreement the state director asked petitioner to sign which stated he would not seek further relief if he was allowed a delay in induction until after his child was born, it is apparent that such an agreement is entirely extra-legal. We know of no authority or valid reason for such a requirement. If he was entitled to a delay it should have been given, otherwise not. The matter had nothing to do with a waiver of other reasons for delay he might have had. However, we find no prejudice in this instance to have resulted from it, and no relief will be afforded by reason of the agreement. Its mere existence is not a ground in itself.

Affirmed.