**UNITED STATES of America,
Plaintiff,**

v.

**Sanford Elroy STEEN, Defendant.**

**Crim. No. 9422.**

United States District Court,
D. North Dakota,
Southeastern Division.

May 8, 1972.

Lynn R. Crooks, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Mark R. Fraase, Fargo, N. D., for defendant.

MEMORANDUM OF DECISION

BENSON, Chief Judge.

The defendant was charged under an indictment alleging violation of Title 50, Appendix, U.S.C. § 462, with having knowingly failed and neglected to comply with an order of his Local Board to report for induction into the Armed Forces of the United States. The defendant waived jury, and the case was tried to the Court.

At the close of the Government's evidence, and again at the close of all the evidence, the defendant moved for judgment of acquittal. The ruling on the motion was reserved.

The Court makes the following findings of fact:

Defendant was born on May 14, 1950.

On a Classification Questionnaire, SSS Form 100, which was returned on the date required, August 5, 1968, defendant informed the Local Board that "I will be a full time student next

semester at Moorhead State College; Moorhead, Minnesota."

The defendant enrolled at Moorhead State College in the fall quarter of 1968, and remained a full time student at the college continuously until the spring quarter of 1970, at which time he dropped out of school.

On March 25, 1969, the defendant was classified I–A and notified of the classification on April 2, 1969. On April 16, 1969, the defendant wrote the Board "I do not know whether or not you still give student deferments; but if you do, I think I am entitled to one as I am in my freshman year at MSC and plan to continue until graduation."

On April 28, 1969, the Local Board received a request for undergraduate student deferment, SSS Form 104, executed by defendant, and also received a "green" status card furnished by Moorhead State College disclosing the defendant's status as a full time student at the college.

On June 9, 1969, the defendant was classified II–S. The minutes of the Local Board meeting do not show classification termination dates of those registrants classified II–S. On the back of defendant's Classification Questionnaire, SSS Form 100, the executive secretary of the board made an entry as follows:

"6–9–69 Classified II–S til October 1969."

The executive secretary mailed the defendant's classification, SSS Form 110, on August 6, 1969, but testified she did not know whether or not the termination date was shown on the form mailed to the defendant.

On January 22, 1970, the Local Board reclassified the defendant I–A. Between June 9, 1969, and January 22, 1970, no information relative to the defendant's status as a full time college student was requested of the defendant nor was any information furnished by the defendant. At the meeting of January 22, 1970, the Local Board classified 917 registrants in a period of three hours.

On February 6, 1970, SSS Form 110 and SSS Form 217 were mailed to the defendant informing him of his I–A classification and of his right to personal appearance and appeal. The defendant made no response to these notices.

On March 17, 1970, the defendant was ordered to report on March 23, 1970, for an armed forces physical examination. On the same date, March 17, 1970, SSS Form 127, Current Information Questionnaire, was mailed to the defendant, returnable before March 23, 1970. The questionnaire was returned by the defendant on March 20, 1970, and disclosed that defendant was a full time student at Moorhead State College.

On March 23, 1970, the defendant reported for physical examination and was found fully acceptable. At that point, the defendant dropped out of school.

On August 28, 1970, the defendant was ordered to report on September 28, 1970, for induction into the armed forces of the United States. He failed to report. On October 30, 1970, defendant was given notice of a new reporting date which was November 23, 1970. The defendant again failed to report. The indictment followed.

From the foregoing facts, the Court concludes there was no basis in fact for the defendant's I–A classification.

On June 9, 1969, on request, the defendant was granted a II–S classification by the Local Board. There is some question whether the defendant was advised of the October, 1969 termination date. The Court will assume the Board complied with regulations and advised the registrant. Title 32 CFR § 1623.4 (b).

The Government contends that the II–S classification terminated in October, 1969, and to regain the classification the defendant would have to again request it. The Court disagrees.

Notwithstanding the termination date, the II–S classification actually continued until January 22, 1970. The termination date did not ipso facto move

the defendant up to I–A classification. Section 1622.21(b) CFR provides:

"At the expiration of the period of a registrant's deferment in Class II, his classification shall be reopened and he shall be classified anew in the manner provided in Part 1625 of this chapter. The registrant may be continued in Class II for a further period of one year or less if such classification is warranted. The same rules shall apply when classifying a registrant at the end of each successive period for which he has been classified in Class II."

Section 1625.11 CFR provides:

"When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified. Such classification shall be and have the effect of a new and original classification even though that registrant is again placed in the class that he was in before his classification was reopened."

It is clear from the foregoing regulations that following the October, 1969 termination date of the defendant's classification, the Board was required to follow the classification procedures set out in Part 1623, Title 32, CFR, which is entitled Classification Procedure. Section 1623.1(b) CFR provides:

"The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other written information as may be contained in his file; provided, that the local board shall proceed with the registrant's classification and classify him whenever (1) he fails to return his Classification Questionnaire (SSS Form No. 100) within the time allowed by § 1621.10 of this chapter, or (2) he fails to provide the local board with any other information concerning his status which he is requested or required to furnish. Since it is imperative that appeal agencies have availa-ble to them all information on which the local board determined the registrant's classification, oral information shall not be considered unless it is summarized in writing and the summary placed in the registrant's file. Under no circumstances shall the local board rely upon information received by a member personally unless such information is reduced to writing and placed in the registrant's file. . . ."

Section 1622.25(a) CFR provides:

"In Class II–S shall be placed any registrant who has requested such deferment and who is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning, such deferment to continue until such registrant completes the requirement for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversary of the date of his birth, whichever occurs first."

In this case, the Government, in its brief to the Court, has conceded that as long as the registrant meets the three criteria set out in the regulation § 1622.-25(a), supra, he would be entitled as a matter of law to have deferment continued from year to year until graduation. See United States v. Brandt, 435 F.2d 324 (9th Cir. 1970). The Government cites § 1622.25(d) CFR and points out that defendant did not comply with that regulation which provides:

"It shall be the registrant's duty, to provide the local board each year with evidence that he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning."

The Government takes the position that on the failure of the defendant to meet the obligation of § 1622.25(d) CFR, the Board is required to reclassify the defendant I–A and cites Pittman v. United States, 411 F.2d 635 (10th Cir. 1969).

In Pittman, the Board searched the file, found nothing current, and re-

quested information. Pittman refused. In the case before this Court, there is every indication the Board never looked in the defendant's file before reclassifying him I–A. Had it done so, the written information available to the Board and on which it must make its classification as required by Section 1623.1(b) CFR was the statement on the Classification Questionnaire of August 5, 1968, that the defendant was planning to attend Moorhead State College; the letter of April 16, 1969, from the defendant indicating he was a student and planned to continue until graduation; the student's status card furnished by Moorhead State College and received by the Board indicating the defendant was a full-time student. This clearly established a prima facie case for II–S classification. If the Board desired additional information relative to whether or not the defendant was "satisfactorily" pursuing a full time course, it should have sought that information and made a determination on the defendant's current status. Instead, it arbitrarily reclassified the defendant I–A.

It is clear to the court the defendant in this case had not sought and did not receive counseling. His personality is such that he apparently was withdrawn and spent little or no time with his peers. There is no evidence that the defendant was ever made aware of the requirement that he provide the Local Board each year with evidence that he was satisfactorily pursuing a full-time course of instruction at an institution of learning. § 1622.25(d) CFR.

Also, defendant's request for undergraduate student deferment, SSS Form 104, filed by the defendant on April 28, 1969, makes no reference to the requirements of § 1622.25(d) CFR, but does advise the registrant that an undergraduate student deferment *"shall continue* until such person completes the requirements for his baccalaureate degree, fails to pursue satisfactorily a full time course of instruction, or attains the twenty-fourth anniversary of the

date of his birth, whichever first occurs. * * *" (emphasis added).

At the meeting of the Board where it, without requesting additional information and in the face of the prima facie entitlement of the defendant to II–S classification, reclassified the defendant I–A, 917 registrants were classified in a three hour meeting. If that total time was proportionately allocated to each registrant, it would indicate that approximately twelve seconds was spent in the consideration of the defendant's file. Obviously the files were passed on in groups as testified to by the executive secretary of the Board, and it is apparent that the defendant's file did not receive individual consideration. Clearly, the procedure of the Board in the defendant's case was prejudicial to the defendant.

Normally a registrant must exhaust administrative remedies, and in this case, the Government would hold the defendant to the requirements of that doctrine. If the defendant's failure to exhaust was deliberate and without excuse, this court would hold the defendant to that requirement. See McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

Defendant's explanation for his failure to appeal his I–A classification was that the "draft board" knew he was in school and reclassified him regardless, so he felt it wouldn't do any good. The Court finds this explanation to be credible. The defendant made a timely response to every communication received from the Board on which a response was required, and furnished the Board with all of the information requested, including a current information questionnaire when ordered to report for his physical examination. The questionnaire was received by the Board prior to the date that the defendant was to undergo his physical examination, and again disclosed the defendant to be a full-time college student. This information was again ignored by the Board, and an order to report for induction

followed. The Board was totally unresponsive to the information in the files indicating the defendant had a prima facie entitlement to deferment, and the defendant could have very easily concluded under the facts and circumstances in his case that an appeal would be a futile gesture.

There being no basis in fact for the defendant's classification, the order to report was invalid. The defendant is found not guilty and his motion for judgment of acquittal is granted.